**SO ORDERED.**

**SIGNED this 29 day of June, 2007.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS,** | **CASE NO. 05-43551-7** <br> **CHAPTER 7** |
| DEBTORS. | |
| **FRONTIER FARM CREDIT, PCA,** | |
| PLAINTIFF, | |
| v. | **ADV. NO. 06-7005** |
| **CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS,** | |
| DEFENDANTS. | |

**OPINION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This proceeding is before the Court on the Defendant-Debtors' motion for summary judgment. The Debtors appear by counsel Frederick R. Smith of Pittsburg, Kansas. Plaintiff Frontier Farm Credit, PCA, appears by counsel Richard Petersen-Klein of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, Kansas. The Court has reviewed the relevant materials and is now ready to rule.

**FACTS**

Late in 2003, the Debtors obtained a $150,000 revolving line of credit from Frontier, indicating the purpose of the line was to refinance an existing cattle loan of $100,000, to use $1,000 to buy "PCA stock," and to buy cattle with the remaining $49,000. Frontier alleges the Debtors actually used the line of credit for various other purposes. Frontier sued the Debtors in a Kansas state court and in September 2005, obtained a default judgment for the balance then due on the line, just over $40,000. In that suit, Frontier did not accuse the Debtors of any fraud or misrepresentation, or of misusing the line of credit. The Debtors contend they did not defend against the suit because they conceded they owed the amount Frontier sought.

On October 5, 2005, the Debtors filed a joint Chapter 7 bankruptcy petition. Frontier filed a timely complaint seeking to have its judgment excepted from discharge under § 523(a)(2)(A) because of false pretenses, false representations, or actual fraud, and under § 523(a)(6) because of willful and malicious injury to Frontier's property. The Debtors have moved for summary judgment, arguing Frontier cannot make these claims now because it failed to make them in the state court lawsuit. After the Debtors filed their

2

motion and Frontier responded, Frontier amended its complaint, adding some claims against the Debtors, along with various claims against other parties. The Court has reviewed the amended complaint, and concludes the changes do not affect the reasoning of this opinion.

**DISCUSSION**

The Debtors contend that Frontier was required to raise in the state court suit any matters that might except their debt to it from discharge, even though they did not file for bankruptcy until Frontier had already obtained a judgment. Because Frontier failed to make any allegations of fraud or other facts that could establish in the state court suit that the Debtors' liability to it would be excepted from discharge, they continue, it cannot make those allegations now. Although the Debtors suggest this is an issue preclusion (or collateral estoppel) argument, they are actually pushing for claim preclusion (or res judicata). Issue preclusion only prevents reasserting claims that were actually decided in prior litigation, while claim preclusion is the doctrine that bars making claims in later litigation that were not but should have been made in a prior suit.[1]

In *Brown v. Felsen,* a 1979 decision involving the predecessor to § 523(a)(2) and (6),[2] the Supreme Court rejected an argument much like the one the Debtors are making

---

[1]*See Brown v. Felsen*, 442 U.S. 127, 139 n. 10 (1979) (explaining difference between doctrines, using res judicata and collateral estoppel terminology); *see also Carter v. City of Emporia*, 815 F.2d 617, 619 n. 2 (10th Cir. 1987) (indicating preference to use "claim preclusion" for res judicata and "issue preclusion" for collateral estoppel because older terms are too often misused).

[2]In the Bankruptcy Act of 1898, as quoted in *Brown*, § 17a(2) prevented the discharge of "liabilities for obtaining money or property by false pretenses or false representations . . . or for willful

3

here.[3]  In *Brown*, the debtor had been sued in state court by, among others, a guarantor who claimed his guarantee had been obtained through misrepresentations and nondisclosures of material facts.[4]  When the parties settled, the guarantor received a judgment against the debtor but the basis of the debtor's liability was not stated in the settlement or judgment.[5]  When the debtor later filed for bankruptcy, he claimed the guarantor could not then contest the dischargeability of the judgment, having had the opportunity to litigate that question in the state court suit.[6]  Reversing the lower courts, the Supreme Court concluded res judicata (claim preclusion) should not preclude the guarantor from litigating the dischargeability issue in the bankruptcy court.[7]  More recently, the Supreme Court indicated *Brown*'s reasoning applies to an action under § 523(a)(2)(A) of the current Bankruptcy Code seeking to except a debt from discharge based on alleged fraud.[8]

---

and malicious conversion of the property of another."  442 U.S. at 129.

[3] 442 U.S. 127, 127-28 (1979).

[4] *Id*. at 128.

[5] *Id*.

[6] *Id*. at 128-29.

[7] *Id*. at 132-39.

[8] *See Archer v. Warner*, 538 U.S. 314, 318-23 (2003).  The Bankruptcy Reform Act of 1978, perhaps more commonly called the 1978 Bankruptcy Code, is Pub. L. 95-598, and since it was enacted, the provisions of § 523(a)(2) and (6) have not been modified in any way relevant to this proceeding.  *See also Brown v. Felsen*, 442 U.S. at 129 n. 1 (describing provisions of § 523 as "substantially similar" to § 17 of 1898 Bankruptcy Act).

4

To put it another way, the problem with the Debtors' argument is that it fails to recognize the distinction between their liability on the debt to Frontier, which has been established by the state court judgment, and the dischargeability of that established debt, which has not been litigated before. When a creditor's claim against a debtor is based solely on alleged fraud, a pre-bankruptcy state court judgment might well preclude litigation in the bankruptcy case about the dischargeability of the claim. But oftentimes, as in this case, the creditor can easily establish the debtor's liability based on a promissory note or other loan document simply by proving the debtor executed the document and failed to pay the debt, not bothering to present the more extensive evidence necessary to prove the debtor also committed fraud or other misconduct in connection with the debt. *Brown v. Felsen* means such a creditor is free to take the easy route to a state court judgment on the debt, and wait until the debtor actually files for bankruptcy before trying to prove the same debt also involved misconduct that makes it nondischargeable. In *Resolution Trust Corporation v. McKendry (In re McKendry)*, the Tenth Circuit quoted with approval from a bankruptcy court opinion describing the distinction between a debtor's liability on a debt and the dischargeability of that debt as involving two separate and distinct causes of action.[9] Frontier's dischargeability cause of action could be precluded by the prior state court judgment only if the state court had determined the Debtors did not owe Frontier any debt. Since that is not what happened in

---

[9] 40 F.3d 331, 336-37 (10th Cir. 1994) (quoting *Spinnenweber v. Moran (In re Moran)*, 152 B.R. 493, 495 (Bankr. S.D. Ohio 1993)).

5

Case 06-07005   Doc# 105   Filed 06/28/07   Page 5 of 6

state court, Frontier may now try to prove the debt established by its judgment should also be excepted from the Debtors' discharge.

**CONCLUSION**

The Defendant-Debtors' motion for summary judgment is hereby denied.

# # #