**SO ORDERED.**

**SIGNED this 10 day of September, 2007.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS, | CASE NO. 05-43551-7 CHAPTER 7 |
| DEBTORS. | |
| FRONTIER FARM CREDIT, PCA, | |
| PLAINTIFF, | |
| v. | ADV. NO. 06-7005 |
| CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS, CRAIG C. NORRIS, FIRST NATIONAL BANK OF GIRARD, FORD MOTOR CREDIT COMPANY, | |
| DEFENDANTS. | |

# OPINION GRANTING DEFENDANT FORD MOTOR CREDIT COMPANY'S RENEWED MOTION TO DISMISS

This proceeding is before the Court on Defendant Ford Motor Credit Company's renewed motion to dismiss the plaintiff's claim against it. Ford Credit appears by counsel Charles R. Hay of Foulston Siefkin LLP of Topeka, Kansas. Plaintiff Frontier Farm Credit, PCA, appears by counsel Richard Petersen-Klein of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, Kansas. The Court has reviewed the relevant materials and is now ready to rule.

**FACTS**

This proceeding began as Frontier's dischargeability complaint against the Debtors. Frontier later obtained permission to amend its complaint to seek additional relief. Among other things, Frontier asserted a claim against Ford Credit based on the following allegations.

Late in 2003, the Debtors obtained a $150,000 revolving line of credit from Frontier, indicating the purpose of the line was to refinance an existing cattle loan of $100,000, to use $1,000 to buy "PCA stock," and to buy cattle with the remaining $49,000. Frontier alleges the Debtors actually used the line of credit for various other purposes.

As relevant to this opinion, Frontier claims the Debtors used some of the line of credit to finance a wheat crop that they sold in June 2005, and some to buy a tractor which they later sold. Frontier alleges the Debtors then fraudulently used the proceeds

from the sales of the wheat and the tractor to pay Ford Credit over $17,000 on a loan secured by a Ford F150 truck they own.  Frontier asks the Court to impose a constructive trust on the money the Debtors paid to Ford Credit.  Frontier does not claim that Ford Credit committed any fraud against it or took any action that harmed Frontier other than receiving the payment allegedly derived from the Debtors' fraud, nor does Frontier claim that Ford Credit was aware of the Debtors' alleged fraud.  Frontier does not suggest that the Debtors' payment to Ford Credit was a transfer made without consideration.  Given the allegations, the Court believes a more complete statement of Frontier's claim against Ford Credit would be this:  (1) Frontier loaned money to the Debtors to refinance an existing cattle loan and to buy more cattle; (2) the Debtors fraudulently used some of the money for other purposes, so a constructive trust should be imposed on the misused money; (3) the constructive trust should attach to the property the Debtors obtained with the misused money; (4) the Debtors later sold that property, and the constructive trust should attach to the proceeds; and (5) the constructive trust should then follow those proceeds into the hands of Ford Credit.

     Ford Credit originally interpreted Frontier's amended complaint to be trying to recover the $17,000 as a preference that could be avoided under § 547 of the Bankruptcy Code, and moved to dismiss the claim.  Frontier's response to motion to dismiss made clear that Frontier was not asserting a claim under § 547, so the Court denied the motion.  Now, Ford Credit moves to dismiss Frontier's claim against it on two grounds:  (1) fraud

has not been pleaded with particularity as required by the rules of procedure,[1] so the complaint fails to state a claim for relief against Ford Credit,[2] and (2) the Court does not have subject-matter jurisdiction over the claim.

**DISCUSSION**

*1.     Related subject-matter jurisdiction*

The Court will first address Ford Credit's argument that the Court does not have subject-matter jurisdiction over Frontier's claim against it. Under 28 U.S.C.A. § 1334(b), the subject-matter jurisdiction available in bankruptcy court reaches most broadly to "all civil proceedings . . . related to a case under title 11." The Tenth Circuit has explained that a "proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate."[3] If Frontier could succeed in recovering from Ford Credit the Debtors' $17,000 payment, Ford Credit would in turn have a claim to recover that amount from the Debtors and probably be entitled to enforce that claim against the Debtors' truck. The Court believes this potential impact is sufficient to bring Frontier's claim against Ford Credit within the Court's related jurisdiction.

---

[1]*See* Fed. R. Civ. P. 9(b), made applicable here by Fed. R. Bankr. P. 7009.

[2]*See* Fed. R. Civ. P. 12(b)(6), made applicable here by Fed. R. Bankr. P. 7012(b).

[3]*Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990) (interpreting 28 U.S.C.A. § 1471(b), predecessor to § 1334(b))*; see also* Pub L. No. 95-598, § 241(a) [§ 1471(b)], *reprinted in Collier on Bankruptcy*, Appendix A, Pt. 4(a) at page App. Pt. 4-169 (2007) (relevant language of § 1471(b) was the same as relevant language of present § 1334(b)).

4

2.  *Sufficiency of Frontier's constructive trust claim against Ford Credit*

As the Court understands the complaint, Frontier contends the Debtors obtained a loan from it and used the proceeds fraudulently. Because of the Debtors' alleged fraud, Frontier claims a constructive trust should be imposed on the proceeds of the loan and any subsequent property Frontier can trace to those proceeds. Since the Debtors allegedly sold property they obtained with the loan proceeds and used the sale proceeds to pay Ford Credit, Frontier asks the Court to conclude the constructive trust followed the sale proceeds into Ford Credit's hands. The Court has not found any decisions by Kansas courts addressing such a claim, but has found that the Restatement (First) of the Law of Restitution,[4] a reference authority cited with approval in a number of Kansas decisions,[5] explains when such relief is available.

Section 160 of the Restatement of Restitution says:

> Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises.[6]

Frontier does not claim that Ford Credit itself did anything wrong that would justify imposing a constructive trust directly against it. Instead, it contends Ford Credit received

---

[4] Restatement (First) of the Law of Restitution, (adopted by the American Law Institute 1936, published 1937) (hereafter "Restitution"). The American Law Institute indicates that a Second Restatement of Restitution was drafted but abandoned, and that a project to create a Third Restatement of the topic is in progress (found September 7, 2007, through a "Publications" link at www.ali.org).

[5] *See, e.g., Excel Corp. v. Jimenez*, 269 Kan. 291, 302-05 (2000); *J.W. Thompson Co. v. Welles Prods. Corp.*, 243 Kan. 503, 512 (1988); *Westamerica Securities, Inc., v. Cornelius*, 214 Kan. 301, 307 (1974).

[6] Restitution, § 160, pp. 640-41.

5

fruits of the Debtors' alleged fraud. Comment g to § 160, labeled "*Enforcement against transferee from constructive trustee*," explains that in some situations, a person can recover property from a transferee to whom a wrongdoer has transferred it:

> Where property is held by one person upon a constructive trust for another, and the former transfers the property to a third person who is not a bona fide purchaser, the interest of the beneficiary is not cut off (see § 168). In such a case he can maintain a suit in equity to recover the property from the third person . . .[7]

Section 168 in turn explains when the transferor's misdeed subjects the property in the transferee's hands to the claim of the beneficiary of the constructive trust:

> (1) When a person holding property in which another has a beneficial interest transfers title to the property in violation of his duty to the other, the transferee holds the property subject to the interest of the other, unless he is a bona fide purchaser.
> (2) Where the owner of property transfers it in fraud of third persons, the transferee holds the property subject to their claims, unless he is a bona fide purchaser.[8]

Since Frontier contends a constructive trust based on the Debtors' wrongdoing applies to the money they used to pay Ford Credit, § 168 makes clear that Frontier cannot recover the money from Ford Credit despite Frontier's constructive trust if Ford Credit qualifies as a bona fide purchaser. Several other sections of the Restatement must be reviewed to determine whether Ford Credit is such a purchaser under the circumstances alleged in Frontier's complaint.

Section 172 of the Restatement of Restitution explains:

---

[7] Restitution, § 160, comment g, p. 647.

[8] Restitution, § 168, p. 684.

> (1) Where a person acquires title to property under such circumstances that otherwise he would hold it upon a constructive trust or subject to an equitable lien, he does not so hold it if he gives value for the property without notice of such circumstances.
> (2) In the Restatement of this Subject such a transferee is called a bona fide purchaser.[9]

Frontier has not suggested that Ford Credit had any notice of the Debtors' alleged fraud, so the only question about Ford Credit's status as a bona fide purchaser under the Restatement is whether it gave the Debtors value in return for their $17,000 payment. With one exception, § 173(1) of the Restatement of Restitution adopts the rules defining value that are found in §§ 298-309 of the Restatement of Trusts.[10] The rule about value that applies here appears in § 304 of the Restatement (First) of Trusts,[11] which reads:

> (1) Except as stated in Subsections (2) and (3), if the trustee transfers trust property in consideration of the extinguishment of a pre-existing debt or other obligation, the transfer is not for value.
> (2) If the trustee transfers trust property in consideration of the extinguishment in whole or in part of a pre-existing debt or other obligation, the transfer is for value, if
> > (a) the trust property transferred is a negotiable instrument or money, or
> > (b) the transferee held security for the debt or other obligation and surrendered the security. . . .[12]

---

[9]Restitution, § 172, pp. 691-92.

[10]Restitution, § 173(1), p. 696.

[11]When the Restatement of Restitution was adopted by the ALI in 1936, § 173(1) would obviously have been referring to §§ 298-309 of the Restatement (First) of Trusts (adopted and published in 1935). The Restatement (Second) of Trusts was adopted in 1957 and published in 1959. The ALI says this Restatement replaced the original one, and indicates a Third Restatement of Trusts has not yet been completed. *See* "Publications" link at www.ali.org (accessed September 7, 2007). A comparison of §§ 298-309 in the First Restatement of Trusts and the same sections in the Second Restatement of Trusts reveals they are the same. The First Restatement's rules about value, therefore, still state the ALI's views about value in the law of trusts.

[12]II Restatement of Trusts, § 304, pp. 931-32 (1935).

7

It seems fairly certain in this case that the Debtors paid Ford Credit the $17,000 with a check or other negotiable instrument, and that Ford Credit surrendered its security interest in the Debtors' truck after it received the payment. While these are very likely circumstances that would defeat Frontier's claim against Ford Credit, nothing in Frontier's complaint clearly concedes they are true. Under the Restatement of Trusts' rules, the Court could not reject Frontier's complaint against Ford Credit as insufficient to state a claim for relief.

As indicated, however, the Restatement of Restitution makes one exception to the Restatement of Trusts' value rules. The facts alleged in the complaint reveal that Ford Credit gave the Debtors value as defined by the Restatement of Restitution's exception. Section 173(2) of the Restatement of Restitution declares:

> (2) Except in the case of a transfer by an express trustee, a transfer of property other than an interest in land in satisfaction of or as security for a pre-existing debt or other obligation is a transfer for value.[13]

Frontier has not alleged the Debtors held its loan proceeds as express trustees, or that they transferred an interest in land to Ford Credit. Instead, Frontier's allegations state that the Debtors' payment to Ford Credit was on their loan account with the company — in other words, that the payment was made to satisfy a pre-existing debt. Under the rules explained in the Restatements, the facts alleged in Frontier's complaint establish that Ford Credit qualified as a bona fide purchaser of the $17,000 the Debtors paid it.

---

[13]Restitution, § 173(2), p. 696.

8

Consequently, Frontier's claim to the money based on any constructive trust that might be imposed because of the Debtors' alleged fraud was cut off by the transfer to Ford Credit.

**CONCLUSION**

For these reasons, the Court concludes Frontier's complaint does not state a viable claim for relief against Ford Credit. Ford Credit's renewed motion to dismiss is hereby granted.

# # #

9

Case 06-07005    Doc# 124    Filed 09/10/07    Page 9 of 9