**SO ORDERED.**

**SIGNED this 14 day of January, 2008.**



                         Dale L. Somers
                 UNITED STATES BANKRUPTCY JUDGE

_____

Opinion Designated for Electronic Use, But Not for Print Publication

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS, | CASE NO. 05-43551-7 CHAPTER 7 |
| DEBTORS. | |
| FRONTIER FARM CREDIT, PCA, | |
| PLAINTIFF, | |
| v. | ADV. NO. 06-7005 |
| CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS, CRAIG NORRIS, | |
| DEFENDANTS. | |

**OPINION DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT TO THE EXTENT OF THE CLAIMS ASSERTED AGAINST**

**DEFENDANT CRAIG NORRIS**

This proceeding is again before the Court on the Plaintiff's motion to file a second amended complaint. Only Defendant Craig Norris has objected to the motion. The Court previously granted the motion to the extent of the claims asserted against Debtor-Defendants Christopher Charles and Mary Beth Norris, but took Craig Norris's objection under advisement. Plaintiff Frontier Farm Credit appears by counsel Richard Petersen-Klein of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, Kansas. The Defendant appears by counsel Robert S. Tomassi of Wheeler & Mitchelson Chartered of Pittsburg, Kansas. The Court has reviewed the relevant pleadings, including the Plaintiff's proposed new complaint, and is now ready to rule.

Frontier contends that the Court's recent rulings that Frontier had failed to state a claim to recover proceeds of its collateral that the Debtors had paid to Ford Motor Credit and to First National Bank of Girard justify, in some unspecified way, allowing it to amend its complaint again to modify its claims against Defendant Craig Norris. The Defendant essentially objects that Frontier should not be allowed to amend its complaint now because it waited too long to try to do so. While inclined to agree that Frontier should have sought to amend its complaint some time ago, the Court concludes the amendment should be denied instead because Frontier's newly amended complaint (1) does not change the substance of its claim to have a lien reinstated and enforced on certain equipment the Defendant may have, and (2) still fails to state a valid claim for

relief to have a constructive trust imposed on money Debtor Chris Norris gave to the Defendant, even assuming the money was proceeds of Frontier's collateral.

**FACTS**

In its first amended complaint, Frontier made two claims against the Defendant. It would still be making essentially the same two claims against him if the Court allows its second amended complaint. The first claim, as alleged in both the first and second amended complaints, is this: (1) Frontier agreed to release its lien on four pieces of the Debtor's equipment in return for $10,000; (2) the Debtor told Frontier, allegedly falsely, that he was selling the items to his son, the Defendant, for $10,000; (3) in reality, Frontier alleges, the Debtor sold one item for $10,000 and gave the Defendant the other three items for nothing; and (4) because the Debtor fraudulently convinced Frontier to release its lien on the three free items, Frontier is entitled to have the lien reinstated and enforced against those items.

Frontier's second claim is simply that the Debtor sold its collateral and fraudulently gave some of the proceeds to the Defendant, rather than paying them to Frontier. In the first amended complaint, Frontier alleged it could trace the proceeds, over $45,000, into the Defendant's hands and further trace nearly all of that to payments he made to his lender, First National Bank. Frontier wanted to have a constructive trust imposed against the bank to the extent of the proceeds it would trace to the bank, and against the Defendant to the extent of about $740, the only part of the proceeds he had not paid to the bank. In the second amended complaint, Frontier still alleges it can trace over

3

$45,000 of proceeds of its collateral into the Defendant's hands, and it wants to have a constructive trust imposed against the Defendant for that amount.  Reacting to the Court's rulings dismissing its claims against Ford Motor Credit and the Defendant's bank, Frontier adds various allegations about the Defendant to its second amended complaint, mainly concerning the Defendant's state of mind related to the collateral proceeds the Debtor allegedly gave him.

First, Frontier alleges the Defendant had a partnership with the Debtor to buy and sell cattle, and believed the Debtor had to borrow money to buy cattle because he had no other means to do so.  With respect to each check the Debtor gave the Defendant that Frontier contends was proceeds of its collateral, Frontier alleges the Defendant accepted the check from the Debtor either knowing it was proceeds of Frontier's collateral, or with reckless disregard for the fact it was such proceeds.  The Defendant has conceded, Frontier alleges, that he did not ask the Debtor about his means of buying cattle, even though he believed the Debtor could not do so without borrowing money.  Finally, Frontier contends the Defendant participated in the Debtor's buying and selling of cattle for profit knowing the Debtor was borrowing the money he used to do so, and knowing the Debtor's relationship with his lender would involve having the cattle serve as collateral for the loaned money.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2)[1] provides that Frontier can amend its complaint now "only with the opposing party's consent or the court's leave." The rule adds: "The court should freely give leave when justice so requires." However, "several courts have held that if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile."[2] This rule can, of course, apply to a single claim in a complaint that asserts more than one claim.[3] The Court recently ruled the claim in Frontier's first amended complaint seeking a constructive trust on money the Debtor paid to the Defendant failed to state a claim for relief. This leads the Court to consider whether Frontier's second amended complaint would remedy the failure of the first amended complaint.

Under Kansas law, a plaintiff like Frontier cannot assert a valid claim to recover from a third party like the Defendant simply by claiming someone defrauded the plaintiff and paid the proceeds of the fraud to the third party. Instead, as indicated in *Sprague v. Farm Credit Services*,[4] the plaintiff must also allege the third party recipient acted in bad faith, had notice of the plaintiff's trust interest in the original property involved, or did not

---

[1] Fed. R. Bankr. P. 7015 makes Civil Rule 15 apply in adversary proceedings.

[2] 6 Wright, Miller & Kane, *Fed. Prac. & Pro.: Civil 2d*, § 1487 at 643 (1990); *see also Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir.1990) (motion to amend can be denied if proposed amendment could not withstand motion to dismiss or otherwise fails to state a claim); *Ferluga v. Eickhoff*, 408 F.Supp.2d 1153, 1157 (D.Kan. 2006) (quoting *Schepp*).

[3] *See, e.g., Valdan Sportswear v. Montgomery Ward & Co.*, 591 F.Supp. 1188, 1190-92 (S.D.N.Y. 1984) (denying motion to amend seventh claim in complaint).

[4] 28 Kan. App. 2d 872 (2001).

give consideration for the payment. In dismissing Frontier's constructive trust claim as expressed in its first amended complaint, the Court concluded Frontier had not alleged any of these circumstances was true of the Defendant.

Frontier's second amended complaint tries to remedy the shortcoming that caused the Court to dismiss the constructive trust claim by alleging the Defendant knew the Debtor had to borrow money to buy cattle, knew any cattle the Debtor bought would serve as collateral for such borrowed money, and knew the checks the Debtor gave him were the proceeds of cattle purchased with borrowed money. This is still not enough. As the Court explained in dismissing Frontier's claim against the Defendant's bank, for a constructive trust claim to follow proceeds of collateral into a third party's hands, that party must have notice of more than the secured party's interest in the collateral — the party must have notice that the secured party's debtor's transfer of the proceeds to the third party instead of to the secured party was fraudulent. A secured creditor can prohibit its debtor from using collateral proceeds for any purpose other than paying that creditor, but a secured creditor can also, as happens routinely, authorize its debtor to sell collateral and use some of the proceeds for other purposes. The Court is convinced that notice of the security interest without notice of the restriction on the use of collateral proceeds is not sufficient to support imposing a constructive trust on the recipient of the proceeds.[5]

---

[5] Frontier also alleges the Defendant received the proceeds with reckless disregard for the fact they were proceeds of Frontier's collateral. Since actual notice of this fact is not enough to justify imposing a constructive trust on the proceeds in the Defendant's hands, obviously reckless disregard of the fact is likewise insufficient.

**CONCLUSION**

For these reasons, the Court concludes Frontier's motion for leave to file its second amended complaint must be denied to the extent of the claims asserted in that complaint against Defendant Craig Norris.

# # #