**SO ORDERED.**

**SIGNED this 14 day of February, 2008.**



_____
                Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Not Designated for Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS, | CASE NO. 05-43551-7 CHAPTER 7 |
| DEBTORS. | |
| FRONTIER FARM CREDIT, PCA, | |
| PLAINTIFF, | |
| v. | ADV. NO. 06-7005 |
| CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS, CRAIG NORRIS, | |
| DEFENDANTS. | |

**ORDER AMENDING FINAL JUDGMENT ENTERED AS DOCKET NO. 176
TO MAKE IT AN OPINION DESIGNATED FOR ELECTRONIC USE,
BUT NOT FOR PRINT PUBLICATION**

On February 12, 2008, the Court issued an order labeled "Final Judgment Determining that Defendant Mary Beth Norris's Personal Liability on Plaintiff's Claim against Her Is Not Excepted from Her Discharge," that was marked "Not Designated for Publication."  This was an error.  The order should have been marked "Opinion Designated for Electronic Use, But Not for Print Publication."  The order is hereby amended to correct that designation and the Clerk's Office is directed to make an appropriate entry on the docket to reflect the change.

# # #

2

Case 06-07005    Doc# 178    Filed 02/14/08    Page 2 of 10

**SO ORDERED.**

**SIGNED this 12 day of February, 2008.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Not Designated for Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS, | CASE NO. 05-43551-7 CHAPTER 7 |
| DEBTORS. | |
| FRONTIER FARM CREDIT, PCA, | |
| PLAINTIFF, | |
| v. | ADV. NO. 06-7005 |
| CHRISTOPHER CHARLES NORRIS, MARY BETH NORRIS, CRAIG NORRIS, | |
| DEFENDANTS. | |

**FINAL JUDGMENT DETERMINING THAT DEFENDANT**

**MARY BETH NORRIS'S PERSONAL LIABILITY ON PLAINTIFF'S CLAIM**

**AGAINST HER IS NOT EXCEPTED FROM HER DISCHARGE**

This proceeding was before the Court on January 24 and 25, 2008, for trial on the Plaintiff's claims against Defendant-Debtors Christopher Charles Norris and Mary Beth Norris.[1] Plaintiff Frontier Farm Credit, PCA, appeared by counsel Richard Petersen-Klein of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, Kansas. The Defendant-Debtors appeared by counsel Frederick R. Smith of Pittsburg, Kansas. At the close of the evidence, the Court announced its decision that Frontier had failed to meet its burden to prove that Defendant-Debtor Mary Beth Norris's personal liability on its claim against her should be excepted from her bankruptcy discharge under either § 523(a)(2)(A), (a)(2)(B), or (a)(6) of the Bankruptcy Code.

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C.A. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984[2]. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C.A. § 157(b)(2)(I).

---

[1]The Plaintiff's claims against Defendant Craig Norris have been severed for trial at a later time.

[2]The order is referred to in D. Kan. Rule 83.8.5, and is quoted in the Preface to the 2007 Local Rules of the United States Bankruptcy Court for the District of Kansas, at page v.

Following the close of the evidence, pursuant to Federal Rule of Bankruptcy Procedure 7052, which makes Civil Rule 52 apply to this proceeding, the Court announced on January 25, 2008, its Findings of Fact and Conclusions of Law concerning the dischargeability of Mary Beth Norris's personal liability on Frontier's claim against her. Frontier's evidence showed the following relevant facts.

In mid-fall 2003, Frontier's officer, Bruce Thornton, obtained certain information from Defendant-Debtor Chris Norris about Mr. and Mrs. Norris and their assets. Thornton used that information to complete a loan application, a note-and-loan agreement, and a security agreement that would allow the Norrises to obtain a $150,000 revolving line of credit from Frontier. Mrs. Norris provided no information to Thornton. The loan application is dated November 14, 2003, but both the Norrises wrote "12-2-03" on the date line following their signatures. Thornton authored a letter addressed to both the Norrises, dated November 18, informing them that Frontier had approved the $150,000 line of credit. The Norrises both signed the note-and-loan agreement and the security agreement that Thornton prepared. Those documents have typewritten dates of November 18, but the Norrises did not hand-write the date they signed them. The Norrises also signed a balance sheet showing their assets and liabilities. They did not hand-date this document, but machine-written text on it states it was printed on November 25.

So far as Thornton could remember, after he prepared these documents using information Mr. Norris provided, he took them to Mr. Norris at his place of business, and

had him sign them.  Mr. Norris then took the documents home for Mrs. Norris to sign, and returned them to Thornton.  No one testified whether Mrs. Norris read any of the documents or anyone went over them with her before she signed them.  After Frontier approved the line of credit for the Norrises, it gave them drafts they could use like checks to make draws against the line.  Mrs. Norris signed a few of the drafts the Norrises used.

Frontier produced no evidence to show that Mrs. Norris:  (1) ever provided it with any false information or otherwise took any action to defraud it; or (2) did anything with the intent to harm Frontier or its property.  Frontier produced no evidence other than her signature on the loan documents and some drafts to show that it relied on any information Mrs. Norris supplied to it, or on anything she did.  In short, Frontier failed to satisfy its burden to prove that Mrs. Norris's personal liability to it should be excepted from her discharge as:

(1) a debt covered by § 523(a)(2)(A) for money or an extension of credit obtained by false pretenses, a false representation, or actual fraud;

(2) a debt covered by § 523(a)(2)(B) for money or an extension of credit obtained by use of a written statement about her or an insider's financial condition:  (a) that was materially false, (2) that she caused to be made or published with intent to deceive, and (3) on which Frontier reasonably relied; or

(3) a debt covered by § 523(a)(6) for willful and malicious injury she inflicted on Frontier.

The Court has further considered whether this judgment should be certified as a

4

final judgment under Civil Rule 54(b), made applicable here by Bankruptcy Rule 7054(a).

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Frontier has asserted more than one claim against Mrs. Norris, as well as claims against Chris and Craig Norris. The judgment denying Frontier's claim to except Mrs. Norris's debt to it from her discharge will not become final while those other claims remain pending unless the Court enters the judgment in accordance with Rule 54(b).

In *Stockman's Water Co., LLC., v. Vaca Partners, L.P.*, the Tenth Circuit explained what this Court must do to make the judgment about Mrs. Norris's personal liability final:

> We have explained that courts entering a Rule 54(b) certification should "clearly articulate their reasons and make careful statements based on the record supporting their determination of 'finality' and 'no just reason for delay' so that we [can] review a 54(b) order more intelligently[ ] and thus avoid jurisdictional remands." *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n. 5 (10th Cir. 2002). In *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236 (10th Cir. 2001), we discussed at length the requirements of Rule 54(b) certification. We noted certification is appropriate only when the district court "adheres strictly to the rule's requirement that a court make two express determinations." *Id.* at 1242. First, the district court must determine that its judgment is final. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). Second, the district court must determine that no just reason for delay of entry of its judgment exists. *Id.* at 8.
> In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. *Id.* at 8;

5

> *Oklahoma Turnpike Auth.*, 259 F.3d at 1241. Factors the district court should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.[3]

The Court's decision that Mrs. Norris's personal liability to Frontier is not excepted from her discharge completely resolves Frontier's claim against her based on § 523(a)(2)(A), (a)(2)(B), and(a)(6), leaving nothing more to be decided about the claim. The judgment on the claim is final. This leaves the question whether there is a just reason to delay entry of the judgment on the claim.

Mrs. Norris filed for bankruptcy in October 2005, and Frontier filed its complaint against her in January 2006. In February 2007, Mrs. Norris was granted a discharge of all her dischargeable debts. Another creditor's dischargeability complaint against her was resolved in the same month, February 2007. Except for Frontier's complaint against her, then, no matters affecting her personal liability on the debts she owed when she filed for bankruptcy remain pending. The Court believes she is entitled to have the question of her personal liability for prepetition debts finally resolved at last, more than two years after she filed for bankruptcy relief.

The only thing that might justify further delaying final resolution of that question is the fact Frontier's similar claim against her husband under § 523(a)(2)(A), (a)(2)(B), and (a)(6) has not yet been decided. Oftentimes, much of the same evidence is offered to

---

[3] 425 F.3d 1263, 1265 (10th Cir. 2005).

support such claims against a married couple. In this proceeding, however, that was not the case. Mr. Norris supplied information to Frontier that was used to complete various loan documents; Mrs. Norris did not. Mr. Norris testified at trial; Mrs. Norris did not. The parties stipulated that Mrs. Norris signed the line-of-credit loan documents and some of the drafts used to make draws on the line, but no other evidence was presented about any dealings she had with Frontier or its collateral. Thornton testified he thought he spoke with her once or twice during the life of the line of credit, but did not indicate anything relevant to Frontier's dischargeability claim was said during those conversations. All the other evidence presented about Frontier and its collateral concerned Mr. Norris and his activities. While the question whether joint debtors' personal liability should be excepted from discharge can sometimes be so intertwined that an appellate ruling about one of the debtors would effectively be a ruling about the other, that is not true when the evidence against each of them is substantially different. Given the fact the vast majority of Frontier's evidence concerned only Mr. Norris and the nearly-complete absence of evidence relevant to the dischargeability of Mrs. Norris's personal liability to Frontier, there is no just reason to delay entry of a final judgment declaring that Mrs. Norris's personal liability to Frontier is dischargeable.

Based on the foregoing, including the Findings and Conclusions announced at trial and further specified in this judgment, and in accordance with Bankruptcy Rule 9021 and Civil Rule 58(a), judgment is hereby entered denying Frontier's claim to except from discharge Mrs. Norris's personal liability to it. Furthermore, the Court determines that

7

judgment is final, and no just reason exists to delay entry of the judgment.

# # #

8